# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: B.G., E.G., & J.G. Jr.**

**No. 13-1157** (Wood County 13-JA-23, 13-JA-24, & 13-JA-25)

**FILED**

March 31, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner Father, by counsel Ernest M. Douglass, appeals the Circuit Court of Wood County's October 22, 2013, order terminating his parental rights to his children, B.G., E.G., and J.G. Jr. The West Virginia Department of Health and Human Resources ("DHHR"), by Lee A. Niezgoda, its attorney, filed its response. The children's guardian ad litem, Heather L. Starcher, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred because it based its adjudication on a petition that did not explain why taping a pacifier to a child's mouth is harmful, and that it erred in denying him an improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On February 8, 2011, the children's mother called an ambulance after discovering that J.G. Jr., then five months old, was lifeless. She first told a doctor that a sibling pushed J.G. Jr., but later admitted that she had thrown the child into the crib. The children were initially removed from their mother's home and placed with Petitioner Father. On February 14, 2013, a case worker found that petitioner had taped a pacifier to J.G. Jr.'s mouth. The children were then removed from petitioner's home. On February 19, 2013, the DHHR filed an abuse and neglect petition against petitioner and the mother. The petition related to J.G. Jr. suffering non-accidental injuries consistent with "shaken baby syndrome," the mother's substance abuse, petitioner's failure to protect, both parents' inability to appropriately obtain medical care for J.G. Jr., and their inability to appropriately parent the children. After waiving a preliminary hearing, a multidisciplinary team ("MDT") meeting was held, but petitioner did not appear and did not appear at any hearing thereafter. At the MDT meeting, it was reported that he had cancelled a visit with the children and not shown up for two other visits.

The circuit court scheduled two adjudicatory hearings but neither parent appeared at the hearings. At the last hearing in June of 2013, the parties were ordered to submit position papers. By order entered September 6, 2013, the circuit court found that the children were abused and that petitioner was an abusing parent, based on his failing to care for the children and taping the

1

pacifier to his child's mouth. At the dispositional hearing in October of 2013, petitioner again failed to appear, but the mother appeared and moved for an improvement period. The circuit court granted the mother's improvement period over the DHHR's and guardian's objections, but by order entered October 22, 2013, the circuit court terminated petitioner's parental rights. It is from this order that petitioner appeals.

This Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.,* 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioner first argues that the DHHR's petition was insufficient because it did not explain why taping a pacifier harms the child. While it seems apparent without explanation why taping a pacifier to a child's mouth exposes the child to harm, that is not the only allegation against petitioner in the DHHR's petition. A review of the petition reveals that the DHHR alleged other misconduct, including petitioner's failure to protect the children, failure to obtain proper medical care for J.G. Jr., and inability to appropriately and safely parent the children. The circuit court found there to be clear and convincing evidence to support the allegations in the petition, after twice scheduling adjudicatory hearings to which petitioner did not appear. We find that the circuit court had ample support for finding that petitioner abused or neglected the children based on the lack of medical care that petitioner provided the children, as well as his taping the pacifier to J.G. Jr.'s mouth.

Petitioner also argues that he should have received an improvement period because the allegations against him were not as serious as the allegations against the mother. "We have held that the granting of an improvement period is within the circuit court's discretion." *In re Tonjia M.*, 212 W.Va. 443, 448, 573 S.E.2d 354, 359 (2002). Moreover, this Court has held as follows:

> "As a general rule the least restrictive alternative regarding parental rights to custody of a child under W.Va. Code [§] 49–6–5 (1977) will be employed; however, courts are not required to exhaust every speculative possibility of parental improvement before terminating parental rights where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable

2

to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syllabus point 1, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 4, in part, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011).

In the present matter, petitioner did not take an active role in the abuse and neglect petition. He did not attend hearings relating to the case and often failed to visit the children. Additionally, petitioner did not request an improvement period until after his parental rights had been terminated. He was not present at the dispositional hearing. By contrast, the mother was present and moved for an improvement period at the dispositional hearing. Therefore, we find no error in the circuit court's refusal to grant petitioner a dispositional improvement period. We hold that the circuit court was not clearly erroneous in finding that reunification was not in the children's best interest, that there is no reasonable likelihood the conditions of neglect or abuse can be substantially corrected in the near future, and that it is necessary for the children's welfare to terminate petitioner's parental rights. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

For the foregoing reasons, we find no error in the circuit court's decision and the termination of parental rights is hereby affirmed.

Affirmed.

**ISSUED**: March 31, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3